UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| MITHUN BANERJEE, and<br>MALANCHA BANERJEE,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLSTATE PROPERTY & CASUALTY<br>INSURANCE COMPANY,<br>ALLSTATE PROPERTY & ALLSTATE<br>INDEMNITY, and<br>ALLSTATE INDEMNITY COMPANY,<br><br>    Defendants. | Civil Action No. SAG-21-2296 |

**MEMORANDUM AND ORDER**

Self-represented Plaintiffs Mithun Banerjee and Malancha Banerjee filed this complaint invoking the Court's federal question jurisdiction and alleging that Defendants conduct in denying their insurance claim amounts to "personal injury claim, property damage claim [and] discrimination claim." ECF No. 1 at 4. Plaintiffs alleged that "after accepting the liability" Defendants denied their personal injury auto claim (*id.* at p. 9) and "after agreeing for Engineer's Report & when Engineer's Report was submitted, the Claim was denied. . . ." *Id.* at p. 10. Lastly, they claimed that "Allstate committed possible Discrimination against the Plaintiffs & tried to deny lawful claims. . . ." *Id*.

Plaintiffs were advised that federal courts are courts of limited jurisdiction. ECF No. 3 citing *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). They were further advised that the "'burden of establishing subject matter jurisdiction is on . . . the party

asserting jurisdiction.'" *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz Corp. v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). ECF No. 3.

After examining the initial Complaint, the Court found it was insufficient and that it did not comply with federal pleading requirements. The Court noted that "[i]nstead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions unsupported by any factual allegations." ECF No. 3. As such, Plaintiffs were given the opportunity to amend the Complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a).  Plaintiffs were also directed to explain the basis for this Court's jurisdiction. Plaintiffs were forewarned that failure to adequately supplement the pleading would result in dismissal of the Complaint without prejudice and without further notice. ECF No. 3.

Plaintiffs sought, and received, a number of extensions of time to comply with the Court's Order to Amend.  ECF Nos. 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20. On October 3, 2022, Mithun Banerjee filed an Amended Complaint and request for appointment of counsel.  ECF No. 21. The request for appointment of counsel simply states that Plaintiff is unable to hire an attorney and needs assistance. The request is denied.

In his Amended Complaint Plaintiff states he is a minority and faced discrimination from Defendant, with whom he has been insured for 17 years. ECF No. 21 at 1.  He claims that he faced "Possibly Racism, Possibly Discrimination & Possibly Retaliation. . . . I faced Possibly Discrimination based on my Race, my Color of my skin, my National Origin, my Sex, my Disability, my age, my Reprisal and Retaliation done by Defense. . . ." *Id*. He further asserts that Defendant talked to him "in a Derogatory Manners by insulting me, my job & by shouting at me,

being rude at me, providing false & misleading information & by calling me names." *Id*. at 2. He states, without factual support, that Defendant violated his constitutional rights and did not treat him equally. *Id*. Lastly, he claims that Defendant "may be involved in Possibly Fraud, Possible corruption, Possible Manipulation & Possible Unethical & possibly illegal action as Insurance company." *Id*.

Plaintiff's Amended Complaint does nothing to cure the deficiencies previously noted. He has failed to explain the basis for this Court's jurisdiction and has failed to provide any facts in support of his bald and conclusory legal assertions of discrimination. As such, the Complaint must be dismissed and his request for appointment of counsel denied.

It is hereby ORDERED that:

1. The Complaint IS DISMISSED;

2. The Request for Appointment of Counsel (contained in ECF No. 21) IS DENIED;

3. The Clerk CLOSE this case; and

4. The Clerk TRANSMIT a copy of this Memorandum and Order to Plaintiff.

October 19, 2022                       /s/
Date                                 Stephanie A. Gallagher
                                         United States District Judge